IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHRYN NOBLE,

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION, et al.,

    Defendants.

NO. C11-1062 TEH

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS BUT LIMITING PLAINTIFF'S RECOVERY

   This matter comes before the Court on a motion for judgment on the pleadings filed by Defendant Federal Express Corporation ("FedEx") based on Plaintiff Kathryn Noble's initial failure to include this lawsuit as a potential asset in her Chapter 13 bankruptcy filings.[1] On October 20, 2011, this Court issued an order directing the parties to meet and confer on whether it would be appropriate to follow the outcome in *Cannata v. Wyndham Worldwide Corp.*, Case No. 2:10-CV-00068-PMP-LRL, 2011 WL 2910112 (D. Nev. July 21, 2011) – namely, allowing Noble to proceed with her case but limiting recovery to the amount owed to creditors such that Noble will personally receive nothing. The parties filed a timely joint supplemental brief on October 31, 2011. Upon careful consideration of the parties' supplemental filing, the Court now VACATES the hearing currently scheduled for November 7, 2011.

   The parties now agree that the case can proceed with limited recovery, and FedEx's motion for judgment on the pleadings is therefore DENIED. The parties further agree that the amount of unsecured debt listed by Noble in her bankruptcy petition is $44,953.77, but they have two areas of disagreement on the amount that Noble should be allowed to recover

---

[1] After the motion was filed, Noble received permission from the bankruptcy court to amend her petition and pursue this lawsuit.

1  in this case. First, they disagree on whether the full $7200 that the bankruptcy court ordered
2  Noble to pay *pro tanto* should be deducted from the amount of unsecured debt when
3  determining the limit to Noble's recovery. As the *Cannata* court observed, "[n]either party
4  here is entitled to a windfall." 2011 WL 2910112, at *9. In this case, it would be inequitable
5  to allow Noble to escape her obligations as ordered by the bankruptcy court based on
6  information Noble presented, including her failure to include this lawsuit as a potential asset.
7  Accordingly, the full $7200 should be deducted when determining an appropriate limit on
8  Noble's damages.

9  Second, the parties disagree on whether the limit on Noble's recovery should include
10 attorneys' fees and costs under the Fair Employment and Housing Act ("FEHA"). A
11 defendant who loses an employment discrimination case would ordinarily be liable for both
12 damages and any statutory attorneys' fees and costs. FedEx is not entitled to a windfall by
13 virtue of Noble's bankruptcy, and the cap on Noble's recovery therefore should not include
14 statutory fees and costs.

15 In sum, as the parties now agree, this case may proceed despite Noble's failure to
16 include this lawsuit as a potential asset in her original bankruptcy petition. Noble's recovery
17 of damages shall be limited to $37,753.77 ($44,953.77 less $7,200.00). If the bankruptcy
18 trustee subsequently determines that any damages recovered are greater than the amount
19 necessary to repay Noble's creditors, then the excess amount shall be returned to FedEx. If
20 Noble prevails in this case and is entitled to attorneys' fees and costs by statute, such fees
21 and costs may be awarded in addition to the maximum amount of recoverable damages.

**IT IS SO ORDERED.**

Dated: 11/03/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2